CLIFFORD PETTWAY v. THE STATE.

No. 22195.    Delivered June 17, 1942.
Rehearing Denied October 21, 1942.

The opinion states the case.

*E. A. Bills,* of Littlefield, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of robbery, and assessed a penalty of five years in the penitentiary.

There are no bills of exception in the record, and the only contention here presented is the insufficiency of the evidence.

The injured party, Mr. Armbrecht, who seemed to be old and deaf, lived in a house alone. Some two weeks prior to the robbery appellant and two women, with a baby, stopped at Armbrecht's house and offered to buy some mustard greens, which Armbrecht gave them, and while in the garden it seems the baby lost one of its shoes. Appellant then tried to buy some wine, which was not sold to him, but he and the women were given some drinks of wine. They then left. Appellant had also visited the injured party about one year prior thereto. About two weeks thereafter, during the nighttime, Armbrecht woke up and saw some one in his room, and he was struck over the head and both sides of his jaw broken. He was not knocked unconscious, but was badly injured. His assailant lit an oil lamp, and proceeded to search the room; he called for money, and Armbrecht told him he had a little money under the lamp, and there was found about a dollar there and a check, which the robber dis-

carded, but kept asking for money. After a period of search he found $15.00 in Armbrecht's pants, and he took that and placed same in his shirt pocket. The robber had a dirty handkerchief over the lower part of his face, and a hat on, and a lock of his hair was hanging down over his eyes. The robber then came to the bed where Armbrecht was lying and moved him over and searched under the mattress but found no more money. He then left, after telling his victim to tell the officers to look for him in Mexico, and warning the victim if he went out before the robber got away he would be a dead man.

Armbrecht unequivocally identified appellant as the robber.

Appellant offered an alibi by his wife, by one Ishmael and his wife, and by an Ishmael child, as well as others, all of whom testified that on the night of this robbery appellant slept in a trailer with many others; that they played the radio until about midnight, then went to bed, and again got up and played the radio until about 2:30 A. M. All of these witnesses testified that appellant only left the trailer once for the purpose of taking a visitor home, and was gone about fifteen minutes, and that he spent the balance of the night of the robbery in this trailer.

These facts were submitted to the jury, and they evidently accepted the positive identification of the injured party as to appellant's presence and identity at the scene of the robbery, and we do not feel inclined to disturb their verdict upon such facts.

The judgment will therefore be affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant assails the correctness of the statement in our original opinion to the effect that the injured party, Armbrecht, unequivocally identified appellant as the robber. He insists that no such positive identification was made, and that, in the absence of such, the State's testimony was insufficient to support the conviction.

The statement of facts before us reflects that, upon the question of identification of the robber, Armbrecht testified, upon direct examination, as follows:

"As to who the man was that robbed me out there in Lamb County, in the State of Texas, on the 1st day of December, 1941, he is setting right there.

"Q. Clifford Pettway? A. I *don't* know his name. Yes, that is the same man who came to my place two weeks before and the same man that came in there that night and robbed me,—on December 1st? Yes, sir."

We remain convinced that such testimony shows a positive identification, by Armbrecht, of the appellant as the robber.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.